UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:19-CR-50038-RAL |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER TO ALLOW DEFENDANT TO POSSESS HIS DISCOVERY IN CUSTODY |
| ERIC BONADORE, | |
| Defendant. | |

Defendant Eric Bonadore (Bonadore) has filed a motion to possess discovery materials in this case while he is in custody awaiting trial. Doc. 126. Before this case was transferred to the undersigned, the Court issued a Text Order, consistent with Standing Order 19-03, that prohibited defense counsel from giving discovery materials to the Defendant or anyone else without the permission of the Court. Doc. 117. The Text Order made clear that while defense counsel may allow the defendant to read discovery materials, the defendant may only do so in the presence of defense counsel. Doc. 117. Bonadore now argues that he should be allowed full access to retain discovery materials in custody because he will be representing himself during portions of the trial. Doc. 126.

Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." With this in mind, courts can limit a criminal defendant's access to discovery materials while he is in custody. See United States v. Ruth, No. 1:18-CR-00004 EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020) ([R]easonable restrictions on Defendant's access to the materials in a jail

1

setting are . . . appropriate."); United States v. Gerard, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) (denying criminal defendant's motion to retain and review all discovery materials while in jail); Johnson v. United States, No. 2:07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014) ("While a defendant generally has a right to review the discovery materials that will be used against him at trial, it is not improper to restrain counsel from leaving discovery materials with the Petitioner in jail to safeguard the material contained therein." (cleaned up and citations omitted)); see also United States v. Youker, No. 2:14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015) (noting that while a pro se defendant is entitled to review discovery, this does not mean he is entitled to all discovery materials in pretrial detention, especially given that the court appointed the defendant standby counsel).

This Court understands that there may be cooperating witnesses who could be put at risk if Bonadore were allowed to keep discovery material with him in custody. Maintaining privacy of discovery materials in a prison setting is problematic. Retaliation against inmates believed to have cooperated is a major problem in United States prisons. See Ruth, 2020 WL 3063939, at *3 ("[W]ide dissemination of statements by cooperating witnesses who are regarded as 'snitches' or 'rats' by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers" (citation omitted)); In re Bragg, No. 1:11CR00026-002, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that "significant harm" may come to witnesses and other third parties when discovery materials are circulated outside of defense counsel and the defendant, and that "this risk is particularly pronounced in the context of the jail environment, where it is often the case . . . that government informants are incarcerated along with defendants"). Discovery material provides written documentation of cooperation, jeopardizing the safety of those inmates who were candid in interviews with law enforcement. It would gut the

protection achieved by this Court's Standing Order to allow discovery in drug and gun cases to be released to inmates merely because the inmate, though having court-appointed counsel, expresses a desire to proceed with representing himself on some matters. In light of these considerations, no good cause exists for Bonadore to possess the discovery while in custody, apart from court-appointed counsel's direct supervision. Therefore, it is hereby

ORDERED that Bonadore's Motion to Modify Protective Order, Doc. 126, is DENIED.

DATED this _16th_ day of April, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

3