UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC BONADORE,<br><br>Defendant. | 3:19-CR-50038-RAL<br><br>**ORDER DENYING PRO SE MOTIONS TO DISMISS AND SUPPRESS** |

A grand jury indicted Eric Bonadore (Bonadore) for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 19. Bonadore's trial on these charges is scheduled to begin on April 27, 2021. Doc. 122. This Court understands that Bonadore wishes to represent himself in at least some portions of the trial. Doc. 126. Indeed, Bonadore has filed several pro se pretrial motions. Docs. 125, 130, 131, 133. For the reasons stated below, such motions are denied at this time.

I.  **Motions to Dismiss**

Bonadore has filed three pro se motions to dismiss the indictment in this case. Docs. 125, 131, 133. The United States has responded in opposition. Docs. 136, 137, 141. Two of these motions effectively make the same argument for dismissal, assertions that this Court lacks jurisdiction. Docs. 125, 131. This Court will address these motions first.

Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United

1

States." United States v. Rosnow, 977 F.2d 399, 412 (8th Cir. 1992). Here, Bonadore is accused of violating the laws of the United States, namely 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) as well as 18 U.S.C. § 922(g)(1). Doc. 19. As such, this Court has jurisdiction, and Bonadore's motions, Docs. 125, 131, are denied.

Bonadore's other motion to dismiss argues that the indictment should be dismissed for a variety of other reasons. Doc. 133. Bonadore's main contention is that the indictment should be dismissed because of claimed violations of the Speedy Trial Act and Sixth Amendment. Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within 70 days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c); United States v. Aldaco, 477 F.3d 1008, 1016 (8th Cir. 2007) (citation omitted). However, certain days may be excluded from this 70-day calculation. 18 U.S.C. § 3161(h); Aldaco, 477 F.3d at 1016. For example, the calculation may exclude any period of delay to determine the mental competency of the defendant, 18 U.S.C. § 3161(h)(1)(A), or any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, id. § 3161(h)(7)(A). The defendant bears the burden of showing that the Speedy Trial Act has been violated. United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009) (citation omitted).

Here, Bonadore's speedy trial clock began on March 22, 2019, the day he was arraigned. Doc. 7. Since his first appearance, Bonadore through his counsel has filed eight motions to continue.[1] Docs. 16, 32, 37, 44, 53, 61, 106, 118. The most recent motion to continue, Doc. 118,

---

[1] In addition to the eight motions to continue filed by Bonadore, Bonadore's first attorney filed an ex parte motion for a competency evaluation, Doc. 76, which also stopped the speedy trial clock. See 18 U.S.C. § 3161(h)(1)(A), United States v. Flores-Lagonas, No. 19-3108, 2021 WL 1228061, at *11 (8th Cir. April 2, 2021). The Court by its own motion stopped the speedy trial clock to resolve Bonadore's second attorney's motion to withdraw. Doc. 113.

was filed by Bonadore on February 15, 2021. The motion was granted, and the trial was rescheduled for April 13, 2021. Doc. 119. Thus, no time has elapsed on the speedy trial clock from February 15 to April 13. See 18 U.S.C. § 3161(h)(7)(A); United States v. Jones, 23 F.3d 1307, 1311 (8th Cir. 1994) (noting that the speedy trial clock stopped from the date the defendant's motion to continue was filed until the date the trial was rescheduled). Further, by the time this case was transferred to the undersigned on April 1, 2021, 31 days remained on the speedy trial clock. Doc. 121. In sum, the 70-day speedy trial period has not expired, and Bonadore's rights under the Speedy Trial Act have not been violated.

While Sixth Amendment challenges are reviewed separately from challenges under the Speedy Trial Act, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003). The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (citation omitted). To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Supreme Court has instructed courts to examine the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Bonadore's Sixth Amendment right to a speedy trial has not been violated. It has been a little over two years since Bonadore was indicted. Doc. 1. Therefore, the length of delay is presumptively prejudicial. See Titlbach, 339 F.3d at 699 ("A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors.").

3

Nonetheless, the remaining three factors reveal no Sixth Amendment violation. As evidenced by the discussion above, the reason for delay has been almost entirely attributable to Bonadore. The Eighth Circuit has stated, "[t]here typically will be no Sixth Amendment violation when the defendant was responsible for most of the delay, which was occasioned by his motions to suppress evidence, for a competency evaluation, and to dismiss." Flores-Lagonas, 2021 WL 1228061, at *8 (cleaned up and citation omitted). Bonadore has not asserted his right to a speedy trial until this month just before his jury trial, and he has failed to allege any specific facts showing prejudice. Id. (particularized prejudice is required unless other Barker factors weigh in favor of the defendant). In sum, Bonadore is not entitled to dismissal under either the Speedy Trial Act or the Sixth Amendment.

Bonadore next asserts that the indictment should be dismissed because he has received ineffective assistance of counsel.[2] Bonadore's claim for ineffective assistance of counsel is premature. To establish a claim for ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced the defendant. United States v. Villalpando, 259 F.3d 934, 938 (8th Cir. 2001). Because a showing of prejudice is required, "ineffective assistance of counsel claims are better left for post-conviction proceedings," United States v. Carr, 895 F.3d 1083, 1090 (8th Cir. 2018) (cleaned up and citation omitted), where there has been an opportunity for "development of facts outside of the record," United States v. Looking Cloud, 419 F.3d 781, 788 (8th Cir. 2005). Indeed, the Eighth Circuit will only consider the claim on direct appeal in "exceptional cases in which the district court has developed a record on the ineffectiveness issue

---

[2] Bonadore's motion appears to claim ineffective assistance of counsel from his prior two court-appointed attorneys, and not from the attorney presently appointed to represent Bonadore.

or where the result would otherwise be a plain miscarriage of justice." Looking Cloud, 419 F.3d at 788–89. And the district court may only consider the claim on a motion for new trial if the court has developed an adequate record on the issue. Villalpando, 259 F.3d at 938. Because Bonadore's trial has not yet begun, this Court cannot consider Bonadore's claim of ineffective assistance at this time.

Finally, Bonadore contends that the indictment should be dismissed because he was coerced into waiving his Miranda rights when he gave his first statement to police. The Eighth Circuit has "left open the possibility that, in rare instances, the investigative methods employed by law enforcement could be so outrageous that due process bars the government from invoking the judicial process to obtain a conviction." United States v. Combs, 827 F.3d 790, 794 (8th Cir. 2016) (cleaned up and citation omitted). This defense will rarely apply as it is "reserved for conduct that falls within the narrow band of the most intolerable government conduct." Id. at 794–95 (cleaned up and citation omitted); see also United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) ("The level of outrageousness needed to prove a due process violation is quite high") (cleaned up and citation omitted)). Such conduct has been described as violating "fundamental fairness" and shocking "the universal sense of justice." Combs, 827 F.3d at 794–95 (quoting United States v. Russell, 411 U.S. 423, 432 (1973)).

Bonadore has failed to establish that law enforcement's conduct warrants dismissal. Bonadore makes only conclusory allegations that his rights have been violated with no factual support for such contentions. Furthermore, the more proper means of addressing this issue would have been to file a motion to suppress, the deadline for which expired well over a year ago.

Bonadore has presented no basis for dismissing the indictment in this case.[3] Therefore, his motion, Doc. 133, is denied.

## II.     Motion to Suppress

Bonadore also filed a pro se motion to suppress from use at trial evidence seized from his vehicle. Doc. 130. The United States has responded in opposition. Doc. 135. Bonadore's motion is untimely. Motions to suppress were originally due on April 16, 2019. Doc. 11. But after the filing of a motion to continue and the indictment of a co-defendant, deadlines were rescheduled for June 11, 2019 and June 18, 2019. Docs. 18, 29. Bonadore did not file a motion to suppress by either respective deadline. Under Federal Rule of Criminal Procedure 12(c)(3), a pretrial motion is untimely if a party does not meet the deadline for making such motion. However, the court may still consider the motion if the party shows good cause. Fed. R. Crim. P. 12(c)(3). Here, Bonadore has not shown good cause for the delay in seeking suppression. The motion was filed two weeks before trial, well over a year after the deadline to file had passed. Therefore, this Court denies Bonadore's motion at this time with one caveat. Before admitting at trial any substantive evidence seized from Bonadore's vehicle as a product of the warrantless search, this Court intends to evaluate the officers' testimony to ensure that the search was indeed supported by probable cause. If the United States has not laid the proper foundation to establish probable cause for the search of Bonadore's vehicle, Bonadore of course can object, and this Court will rule on such objection at that time. The Court intends to treat Bonadore's argument of a Miranda violation similarly,

---

[3] In his motion, Bonadore also mentions that he was removed from South Dakota twice while he was in custody, has been denied access to the law library for approximately the last three weeks, was denied legal representation in the civil forfeiture proceedings against him, and was denied his papers and documents during the time in which he was in custody in Nebraska. Doc. 133. Bonadore's dissatisfaction with the location and conditions of his confinement do not merit dismissal of the indictment.

evaluating the testimony at trial of a voluntary and knowing waiver before allowing admission of Bonadore's inculpatory statement.

### III. Conclusion

Therefore, it is hereby

ORDERED that Bonadore's Motion to Dismiss Private American National Citizen of the United States of America, Doc. 125, is DENIED. It is further

ORDERED that Bonadore's Motion to Suppress, Doc. 130, is DENIED. It is further

ORDERED that Bonadore's Motion to Dismiss with Prejudice for Lack of Jurisdiction and Due Process, Doc. 131, is DENIED. It is finally

ORDERED that Bonadore's Motion for Dismissal, Doc. 133, is DENIED.

DATED this 23rd day of April, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE