UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC BONADORE,<br><br>Defendant. | 3:19-CR-50038-RAL<br><br>ORDER ON PRETRIAL MOTIONS |

A grand jury indicted Eric Bonadore (Bonadore) for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and for prohibited person in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Doc. 142. Bonadore's trial on those charges begins today. Doc. 122. Prior to Bonadore's trial, both parties filed pretrial motions, three of which are still pending. Docs. 110, 123, 138. This morning this Court held a pretrial conference in this case. At the pretrial conference, Bonadore filed a pro se motion to dismiss the indictment against him. After considering argument from both parties, this Court ruled on Bonadore's motion to dismiss as well as the pretrial motions pending in this matter. This is the written order formalizing the reasoning and ruling. As this Court stated on the record, rulings on motions in limine are preliminary and circumstances at trial may prompt a different ruling. However, counsel are to approach this Court outside the hearing of the jury if they believe a different ruling is in order.

1

## I.     The United States's Motion in Limine

The United States filed a motion in limine to (1) preclude Bonadore or his attorney from referencing penalty or punishment in this case; (2) preclude Bonadore or his attorney from referencing the implication that a felony conviction will have on Bonadore's future; and (3) sequester all witnesses except for the United States's primary case agent. Doc. 110. Bonadore does not object to the United States's motion. Consistent with Eighth Circuit precedent, this Court grants the motion. See United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990) (noting that sentencing procedures or details regarding a defendant's possible punishment are irrelevant to any issue the jury must to decide and to inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it); United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) ("Sequestration of most witnesses is mandatory when requested.").

## II.    The United States's Motion for Order of Judicial Notice

The United States next filed a motion for an order of judicial notice under Federal Rule of Evidence 201. Doc. 123. The United States requests that this Court take judicial notice of Bonadore's state court felony conviction and, among other things, instruct the jury that the maximum penalty under South Dakota law for a Class 4 felony is ten years. Doc. 123; SDCL § 22-6-1(7). Bonadore filed an objection to the portion of the motion seeking to have the jury made aware of the maximum sentence Bonadore could have received on the state felony conviction, and the United States responded to his objection. Docs. 128, 140.

Bonadore has been charged with prohibited person in possession of firearm. Doc. 19. To be considered a "prohibited person" within the meaning of the statute, the defendant must have been convicted of a crime punishable by imprisonment for more than one year. See 18 U.S.C. § 922(g)(1). Thus, to convict Bonadore of prohibited person in possession of a firearm, the

2

government need only prove that Bonadore committed a crime that is punishable by imprisonment for more than a year. That the crime was punishable up to ten years is evidence beyond that needed to prove an essential element of the crime. In support of its motion, the United States cites to United States v. Hellems, 866 F.3d 856, 862 (8th Cir. 2017), in which the Eighth Circuit affirmed the district court's decision to admit the name and nature of the defendant's prior convictions because the defendant never agreed to a stipulation. Even so, the testimony at trial in Hellems only revealed the name of the convictions and that the convictions were punishable by a term of imprisonment longer than one year. Id. Therefore, this Court grants the United States's motion only in part. This Court can take judicial notice as the United States requests, but will only advise and instruct the jury that Bonadore has been convicted of a crime punishable by imprisonment for more than a year. See Doc. 140-1.

### III.   Bonadore's Motion in Limine

Bonadore through his counsel filed a motion in limine to prohibit the following evidence from being introduced at trial (1) statements regarding past interactions between law enforcement witnesses and Bonadore; (2) statements of witnesses other than law enforcement regarding Bonadore's past criminal history; (3) statements regarding the civil forfeiture proceedings related to this case; (4) statements regarding Bonadore's competency evaluation; (5) statements regarding Bonadore's past attorneys; and (6) statements regarding Bonadore's past employment history. Doc. 138. The United States has filed a response in opposition to some of Bonadore's motion in limine. Doc. 148. This Court grants the motion in part and denies the motion in part.

First, Bonadore seeks to preclude testimony regarding his past interactions with law enforcement. The United States does not object to this request except to the extent that this request would prevent the United States from introducing evidence that establishes that Bonadore is a

3

"prohibited person" within the meaning of 18 U.S.C. § 922(g)(1) and was aware of his status as a "prohibited person." Doc. 148 at 1. In particular, the United States intends to offer the judgment from Bonadore's previous conviction in 2016 to establish that Bonadore is a "prohibited person" within the meaning of 18 U.S.C. § 922(g)(1). Doc. 148 at 1. The United States also intends to offer transcripts from the change of plea hearing and the sentencing hearing to show that Bonadore was aware that the 2016 conviction was a felony with possible imprisonment of a year or more. Doc. 148 at 1. The United States has agreed to redact any portions of the transcripts that reference Bonadore's previous interactions with law enforcement before that conviction. With all of this in mind, this Court will grant Bonadore's motion in part, while allowing the United States to introduce evidence to establish that Bonadore is a "prohibited person" and was aware of his status at a "prohibited person."

Second, Bonadore seeks to preclude testimony from witnesses other than law enforcement about Bonadore's past criminal history. The United States does not intend to ask any non-law enforcement witnesses about Bonadore's criminal history, and therefore, does not object to this aspect of Bonadore's motion. This Court grants Bonadore's motion to the extent it precludes testimony from non-law enforcement witnesses about Bonadore's past criminal history.

Third, Bonadore seeks to preclude testimony regarding the civil forfeiture proceedings brought against him in state court. Law enforcement executed a search warrant and seized certain items from Bonadore's storage unit including the firearms that were charged in Count II of the indictment. The United States intends to question law enforcement about the firearms and certain other items found in the storage unit. Doc. 148 at 2. This Court denies Bonadore's motion to extent that it seeks to preclude testimony relating to the firearms and other relevant items found in

the storage unit. However, the subsequent civil forfeiture proceeding in state court is not relevant to any issue in this case.

Fourth, Bonadore seeks to preclude any reference to Bonadore's competency evaluation or the results thereof. Courts have allowed the government to introduce information from a competency evaluation when there is an issue of whether the defendant had the mental capacity to commit the crime. See United States v. Villasenor-Botello, 734 Fed. App'x 429, 432 (9th Cir. 2018) (allowing the government to use the defendant's competency evaluation to rebut his mental-status defense); United States v. Vazquez-Pulido, 155 F.3d 1213, 1217–19 (10th Cir. 1998) (allowing the government to use information from competency evaluation to cross-examine defendant's expert about defendant's mental capacity to commit the crimes charged). Here, Bonadore has not put his mental state at issue, so his competency evaluation and the results thereof are irrelevant to this case under Federal Rule of Evidence 401. Further, the United States has no intention of eliciting such testimony. This Court grants Bonadore's motion to the extent it precludes testimony regarding his competency evaluation and the results thereof.

Fifth, Bonadore seeks to preclude any testimony regarding his past legal representation. The United States does not object and does not intend to elicit such testimony. This Court grants Bonadore's motion to the extent it precludes testimony regarding his past legal representation.

Finally, Bonadore seeks to preclude testimony relating to his employment history beyond the past two years. The United States does not object and intends to ask questions relating only to his employment history in late 2018 and early 2019. This Court grants Bonadore's motion to the extent it precludes testimony regarding his employment history beyond other than during the time of the alleged conspiracy.

### IV. Motion to Dismiss Indictment

This morning at the pretrial conference, Bonadore filed another pro se motion to dismiss the indictment against him, raising the same arguments that he raised in his other pro se motions to dismiss. Docs. 125, 133. This Court has already ruled on Bonadore's previous motions to dismiss and addressed the arguments contained therein. See Doc. 147. His most recent motion to dismiss is denied for the same reasons contained in this Court's previous order. Doc. 147.

### V. Conclusion

For the foregoing reasons, it is hereby

ORDERED that the United States's Motion in Limine, Doc. 110, is granted. It is further

ORDERED that the United States's Motion for Order of Judicial Notice, Doc. 123, is granted in part and denied in part. It is denied to the extent that this Court will only instruct the jury that Bonadore has been convicted of a crime punishable by imprisonment for more than a year. It is further

ORDERED that Bonadore's Motion in Limine, Doc. 138, is granted in part and denied in part. It is denied to the extent that the United States will be (1) permitted to elicit testimony about the defendant's previous conviction and his awareness that such conviction constituted a felony offense punishable for more than a year; (2) permitted to elicit testimony about the firearms and ammunition found in Bonadore's storage unit as a part of the civil forfeiture proceedings against him; and (3) permitted to elicit testimony about Bonadore's employment history within the last two years. It is finally

ORDERED that Bonadore's Amended Motion to Dismiss with Prejudice Due to Plain Error is denied.

6

DATED this 27th day of April, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE